City National Bank, as Trustee of the Fannie Borun Trust; et al., Appellees.

No. 03–56266.

D.C. No. CV–01–05163–WMB.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 27, 2005.

Laurence A. Neuton, Los Angeles, CA, for Appellant and Debtor.

Peter Bronson, Esq., Kelly Lytton & Van LLP, Herbert Katz, Esq., Law Offices of Herbert Katz, Los Angeles, CA, for Appellees.

Appeal from the United States District Court for the Central District of California, William Matthew Byrne, Jr., District Judge, Presiding.

Before SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Laurence A. Neuton appeals pro se the district court's orders affirming a bankruptcy court's orders relating to his Chapter 13 case. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decisions on appeal from a bankruptcy court; we review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *United States v. Fowler (In re Fowler),*

394 F.3d 1208, 1212 (9th Cir.2005). We review for abuse of discretion the bankruptcy court's decision to dismiss. *Leavitt v. Soto (In re Leavitt),* 171 F.3d 1219, 1223 (9th Cir.1999). We affirm.

The bankruptcy court did not abuse its discretion in dismissing Neuton's Chapter 13 case where the five-year term of Neuton's proposed plan of reorganization expired without confirmation. *See* 11 U.S.C § 1322(d) (a plan may not provide for payments over a period longer than five years); 11 U.S.C. § 1307(c) (a Chapter 13 petition may be dismissed for cause). The bankruptcy court also properly dismissed Neuton's complaint seeking division of a trust.

We are not persuaded by Neuton's remaining contentions on appeal.

AFFIRMED.

Bradford PHILLIPS, Petitioner— Appellant,

v.

Nina H. KATZIN, f/k/a Nina H. Sokol, Respondent—Appellee.

No. 03–55538.

D.C. No. CV–03–00286–NM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2005.

Decided July 27, 2005.

Fredric R. Brandfon, Hamburg, Karic, Edwards & Martin, Los Angeles, CA, for Petitioner–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kenneth F. Nye, Esq., Nye & Associates, Fort Collins, CO, Mitchell J. Albert, Esq., Torrance, CA, for Respondent–Appellee.

Before PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Phillips appeals the district court's denial of his petition to vacate the arbitration award against him. Subsequent to the district court's decision, Katzin confirmed the arbitration award in California Superior Court, and the California Court of Appeal affirmed.

Katzin moves to dismiss under the *Rooker–Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486–87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). *Rooker–Feldman* does not apply here because Phillips' complaint does not allege that the state court judgment was erroneous. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. ——, 125 S.Ct. 1517, 1526–27, 161 L.Ed.2d 454 (2005) (stating that *Rooker–Feldman* applies when "the losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment" and that "neither *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same

or related question while the case remains *sub judice* in a federal court").

Res judicata bars Phillips' claims. *See id.* at 1527 (stating that "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law"); *see also Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir.2005) (stating that "[a]s a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds"). The state action dealt with the same claims, concluded in a final decision on the merits, and involved the same parties. *See Headwaters*, 399 F.3d at 1052 (listing elements of res judicata).

No fees, costs, or sanctions are awarded for this appeal.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.